## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICK ONSTOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| EQUINOX GOLD COAST, INC. | ) |
| d/b/a EQUINOX FITNESS CLUB | ) |
| | ) |
| Serve: CT Corporation System | ) |
| 208 SO LASALLE ST | ) |
| SUITE 814 | ) |
| CHICAGO, IL 60604 | ) |
| | ) |
| | ) |
| Defendant, | ) |

## **COMPLAINT**

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by Equinox Fitness Club and Prima Pongspikul for the unlawful treatment of plaintiff Rick Onstott, for disability harassment and discrimination and for discharging plaintiff in retaliation for his reporting of the harassment and discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C. §12117, incorporating 42 U.S.C. §2000e-5(f).

3. The unlawful employment practices described herein were committed within Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Onstott was employed by Equinox Fitness Club (hereinafter "Equinox") from March 20, 2017 until his termination on September 23, 2017.

5. Equinox was plaintiff's "employer" at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Onstott's body is infected with the human immunodeficiency virus ("HIV"), a virus which attacks the body's immune system and makes it more difficult to fight off infections and other diseases.

7. Even with treatment, HIV cannot be eliminated from the body completely, therefore, Onstott will be HIV positive for the rest of his life.

8. On March 20, 2017, Onstott was hired as a personal training manager at Equinox Fitness Club in Chicago, Illinois.

9. Onstott's immediate supervisor at Equiniox Fitness Club was Prima Pongspikul.

10. In early June 2017, in a conversation with Pongspikul, Onstott disclosed to her that he was HIV positive. Pongspikul's immediate reaction was to physically move backwards and away from Onstott.

11. Pongspikul informed Onstott that her father was a chemist and would not be happy if he knew she was working with Onstott.

12. On or about June 5, 2017, Onstott came to work with a mild cough, and Pongspikul sent Onstott home.

13. On or about June 5, 2017, Onstott cut his finger while preparing dinner at his home. Onstott went to the emergency room to seek medical care, where the cut on his hand was glued and bandaged. Onstott informed Pongspikul of his injury, and she stated that she thought his injury was a "liability" and refused to allow Onstott back to work unless she was allowed to personally inspect the wound and his bandages.

14. Over the course of Onstott's employment, Pongspikul often asked Onstott probing questions about his HIV status and even asked about Onstott's "viral load." Onstott informed Pongspikul that his viral load was "undetectable", but Pongspikul insisted that Onstott have blood-work performed so that she could review the current viral load data herself. Onstott refused to share his private medical viral load data with Pongspikul.

15. In July 2017, Onstott's significant other, Matt Taylor visited Onstott at work. Pongspikul took Taylor aside and told him that Onstott was HIV positive and wanted to "make sure" he knew. Taylor told Pongspikul that he was, indeed, aware of Onstott's HIV status and that she should mind her own business.

16. In late July 2017, Onstott called the Equinox Human Resources Manager in Dallas, Texas to report Pongspikul's harassment and discrimination of him as a result of his HIV status.

17. Equinox ignored plaintiff's complaints and did nothing to stop the disability harassment and discrimination suffered by Onstott.

18. Instead, on August 1, 2017, Onstott was placed on a performance improvement plan, which placed unreasonable and unattainable performance demands and expectations upon Onstott.

19. On September 23, 2017, Onstott was summoned to a meeting with Pongspikul. During the meeting, Pongspikul told Onstott that he was being terminated for failing to meet performance expectations.

### COUNT I – AGAINST EQUINOX FOR DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff incorporates paragraphs 1 through 20, as if fully incorporated herein.

21. At all times relevant hereto, defendant Equinox was a "covered entity" within the meaning of the ADA in that it was an employer, meaning it was a "person" engaged an industry affecting commerce under 42 U.S.C. § 12111(2), § 12111(5), and 42 U.S.C. § 2000e(b) which is incorporated into the ADA by 42 U.S.C. § 12111(7), and having 15 or more employees in each working day in each of 20 or more calendar weeks in 2016 or 2017.

22. While working for defendant Equinox, plaintiff was disabled within the meaning of the ADA, 42 U.S.C. § 12102(1) and construed in accordance with 42 U.S.C. § 12102(4) in that plaintiff was and is HIV-positive, for which he was being treated with antiretroviral medication. When untreated, the virus can lead to a more serious set of symptoms that substantially interfere with plaintiff's major life activities such as sleeping, walking, hearing, seeing, reading, working, communicating, and interacting with others and death.

23. While working for defendant Equinox, plaintiff was a qualified individual within the meaning of the ADA in that plaintiff was able to perform the essential functions of his job, with or without a reasonable accommodation, he possessed the qualifications to perform the personal training manager position that he held, and he could have continued to perform his personal training manager job with defendant.

24. Plaintiff informed defendant Prima Pongspikul of plaintiff's HIV positive status in June 2017, and as such, defendant Equinox was aware of plaintiff's HIV positive status.

25. Defendant Equinox unlawfully harassed and discriminated against plaintiff because of his disability in violation of the ADA, 42 U.S.C. § 12112(a) and 42 U.S.C. § 12203(b).

26. As a direct and proximate result of defendants' conduct in harassing and discriminating against plaintiff because of his disability, plaintiff has been damaged in that he has lost wages and other benefits of full employment.

27. On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2017-02133 in which he alleged defendants violated his rights under state and federal laws. A copy of the Charge is attached hereto as Exhibit 1.

28. On April 18, 2018, the Equal Employment Opportunity Commission issued a Notice of Right to Sue in connection with said Charge. A copy of said Notice is attached hereto as Exhibit 2.

29. This Complaint was filed within 90 days of plaintiff's receipt of said Notice.

30. All administrative prerequisites under the ADA to filing this ADA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against defendant by:

1. Declaring that the acts and practices by defendant as described herein constitute a violation of the ADA;
2. Enjoining and permanently restraining these violations of the ADA;
3. Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the ADA;
4. Directing Defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;
5. Awarding Onstott compensatory and punitive damages;

6. Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and
7. Awarding Onstott such further and additional relief as the Court may deem just and proper.

### COUNT II – AGAINST EQUINOX FOR RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. Defendant discharged plaintiff from his employment for reporting the unlawful discrimination and harassment he was suffering as a result of his disability, in violation of the ADA, 42 U.S.C. 12203(a).

34. As a direct and proximate result of defendant's conduct, plaintiff was damaged in that he has lost wages and other benefits of full employment.

35. On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2017-02133 in which he alleged defendants violated his rights under state and federal laws. A copy of the Charge is attached hereto as Exhibit 1.

36. On April 18, 2018, the Equal Employment Opportunity Commission issued a Notice of Right to Sue in connection with said Charge. A copy of said Notice is attached hereto as Exhibit 2.

37. This Complaint was filed within 90 days of plaintiff's receipt of said Notice.

38. All administrative prerequisites under the ADA to filing this ADA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against Defendant by:

1. Declaring that the acts and practices by Defendant as described herein constitute a violation of the ADA;

2. Enjoining and permanently restraining these violations of the ADA;
3. Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the ADA;
4. Directing Defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;
5. Awarding Onstott compensatory and punitive damages;
6. Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and
7. Awarding Onstott such further and additional relief as the Court may deem just and proper.

Respectfully submitted,

SHER CORWIN WINTERS LLC

By: /s/ David S. Corwin
David S. Corwin, Bar # IL6200310
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
Telephone (314) 721-5200
Fax (314) 721-5201
bhalquist@scwstl.com
asher@scwstl.com

*Attorneys for Plaintiff*