**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICK ONSTOTT<br>       Plaintiff,<br><br>v.<br><br>EQUINOX GOLD COAST, INC. D/B/A<br>EQUINOX FITNESS CLUB<br><br>And<br><br>PRIMA PONGSPIKUL<br><br>       Serve at: 900 N. Michigan Avenue<br>              Chicago, IL 60611<br><br>       Defendants. | Case No. 1:18-cv-04642<br><br>Judge Manish S. Shah<br>Magistrate Judge Maria Valdez<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

**NATURE OF ACTION**

1.     This is an action for damages and injunctive relief caused by Equinox Fitness

Club and Prima Pongspikul for the unlawful treatment of plaintiff Rick Onstott, for disability

harassment and discrimination and for discharging plaintiff in retaliation for his reporting of the

harassment and discrimination in violation of the Americans With Disabilities Act, 42 U.S.C.

§12101, *et seq.* ("ADA"), as amended, and the Illinois Human Rights Act, 775 ILCS § 5/1-101,

*et seq.*("IHRA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C.

§12117, incorporating 42 U.S.C. §2000e-5(f), and 28 U.S.C. § 1367 (supplemental jurisdiction)

in that the claims in Counts III and IV are so related to plaintiff's claims in Counts I and II over which this court has original jurisdiction as to form part of the same case or controversy.

3.　　　　The unlawful employment practices described herein were committed within Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.　　　　Onstott was employed by Equinox Fitness Club (hereinafter "Equinox") from March 20, 2017 until his termination on September 23, 2017.

5.　　　　Prima Pongspikul (hereinafter "Pongspikul") was Onstott's immediate supervisor at all times relevant to this action.

6.　　　　Both Equinox and Pongspikul (hereinafter collectively "defendants") were plaintiff's "employers" at all times relevant to this action.

## FACTUAL ALLEGATIONS

7.　　　　Onstott's body is infected with the human immunodeficiency virus ("HIV"), a virus which attacks the body's immune system and makes it more difficult to fight off infections and other diseases.

8.　　　　Even with treatment, HIV cannot be eliminated from the body completely, therefore, Onstott will be HIV positive for the rest of his life.

9.　　　　On March 20, 2017, Onstott was hired as a personal training manager at Equinox Fitness Club in Chicago, Illinois.

10.　　　Onstott's immediate supervisor at Equiniox Fitness Club was Prima Pongspikul.

2

11.    In early June 2017, in a conversation with Pongspikul, Onstott disclosed to her that he was HIV positive. Pongspikul's immediate reaction was to physically move backwards and away from Onstott.

12.    Pongspikul informed Onstott that her father was a chemist and would not be happy if he knew she was working with Onstott.

13.    On or about June 5, 2017, Onstott came to work with a mild cough, and Pongspikul sent Onstott home.

14.    On or about June 5, 2017, Onstott cut his finger while preparing dinner at his home. Onstott went to the emergency room to seek medical care, where the cut on his hand was glued and bandaged. Onstott informed Pongspikul of his injury, and she stated that she thought his injury was a "liability" and refused to allow Onstott back to work unless she was allowed to personally inspect the wound and his bandages.

15.    Over the course of Onstott's employment, Pongspikul often asked Onstott probing questions about his HIV status and even asked about Onstott's "viral load." Onstott informed Pongspikul that his viral load was "undetectable", but Pongspikul insisted that Onstott have blood-work performed so that she could review the current viral load data herself. Onstott refused to share his private medical viral load data with Pongspikul.

16.    In July 2017, Onstott's significant other, Matt Taylor visited Onstott at work. Pongspikul took Taylor aside and told him that Onstott was HIV positive and wanted to "make sure" he knew. Taylor told Pongspikul that he was, indeed, aware of Onstott's HIV status and that she should mind her own business.

17.    In late July 2017, Onstott called the Equinox Human Resources Manager in Dallas, Texas to report Pongspikul's harassment and discrimination of him as a result of his HIV status.

3

18.     Equinox ignored plaintiff's complaints and did nothing to stop the disability harassment and discrimination suffered by Onstott.

19.     Instead, on August 1, 2017, Onstott was placed on a performance improvement plan, which placed unreasonable and unattainable performance demands and expectations upon Onstott.

20.     On September 23, 2017, Onstott was summoned to a meeting with Pongspikul. During the meeting, Pongspikul told Onstott that he was being terminated for failing to meet performance expectations.

21.     Other similarly situated employees of Defendants were not required to meet such unrealistic and unattainable performance expectations, and Onstott was set up to fail in the satisfaction of such performance expectations.

22.     The placement of Onstott on a "performance improvement plan" and Onstott's alleged failure to meet Defendants' performance expectations were a sham and pretext for Defendants' unlawful discrimination.

## COUNT I- AGAINST EQUINOX FOR DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23.     Plaintiff incorporates paragraphs 1 through 20, as if fully incorporated herein.

24.     At all times relevant hereto, defendant Equinox was a "covered entity" within the meaning of the ADA in that it was an employer, meaning it was a "person" engaged an industry affecting commerce under 42 U.S.C. § 12111(2), § 12111(5), and 42 U.S.C. § 2000e(b) which is incorporated into the ADA by 42 U.S.C. § 12111(7), and having 15 or more employees in each working day in each of 20 or more calendar weeks in 2016 or 2017.

25.     While working for defendant Equinox, plaintiff was disabled within the meaning of the ADA, 42 U.S.C. § 12102(1) and construed in accordance with 42 U.S.C. § 12102(4) in that plaintiff was and is HIV-positive, for which he was being treated with antiretroviral

4

medication. When untreated, the virus can lead to a more serious set of symptoms that substantially interfere with plaintiff's major life activities such as sleeping, walking, hearing, seeing, reading, working, communicating, and interacting with others. When the HIV infection is advanced, it can also lead to death.

26. While working for defendant Equinox, plaintiff was a qualified individual within the meaning of the ADA in that plaintiff was able to perform the essential functions of his job, with or without a reasonable accommodation, he possessed the qualifications to perform the personal training manager position that he held, and he could have continued to perform his personal training manager job with defendant.

27. Plaintiff informed defendant Prima Pongspikul of plaintiff's HIV positive status in June 2017, and as such, defendant Equinox was aware of plaintiff's HIV positive status.

28. Defendant Equinox unlawfully harassed and discriminated against plaintiff because of his disability in violation of the ADA, 42 U.S.C. § 12112(a) and 42 U.S.C. § 12203(b).

29. As a direct and proximate result of defendants' conduct in harassing and discriminating against plaintiff because of his disability, plaintiff has been damaged in that he has lost wages and other benefits of full employment.

30. On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2017-02133 in which he alleged defendants violated his rights under state and federal laws. A copy of the Charge is attached hereto as Exhibit 1.

31. On April 18, 2018, the Equal Employment Opportunity Commission issued a Notice of Right to Sue in connection with said Charge. A copy of said Notice is attached hereto as Exhibit 2.

32.     This Complaint was filed within 90 days of plaintiff's receipt of said Notice.

33.     All administrative prerequisites under the ADA to filing this ADA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against defendant by:

1.     Declaring that the acts and practices by defendant as described herein constitute a violation of the ADA;

2.     Enjoining and permanently restraining these violations of the ADA;

3.     Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the ADA;

4.     Directing Defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;

5.     Awarding Onstott compensatory and punitive damages;

6.     Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and

7.     Awarding Onstott such further and additional relief as the Court may deem just and proper.

## COUNT II – AGAINST EQUINOX FOR RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32.     Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33.     Defendant discharged plaintiff from his employment for reporting the unlawful discrimination and harassment he was suffering as a result of his disability, in violation of the ADA, 42 U.S.C. 12203(a).

6

34.     As a direct and proximate result of defendant's conduct, plaintiff was damaged in that he has lost wages and other benefits of full employment.

35.     On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2017-02133 in which he alleged defendants violated his rights under state and federal laws. A copy of the Charge is attached hereto as Exhibit 1.

36.     On April 18, 2018, the Equal Employment Opportunity Commission issued a Notice of Right to Sue in connection with said Charge. A copy of said Notice is attached hereto as Exhibit 2.

37.     This Complaint was filed within 90 days of plaintiff's receipt of said Notice.

38.     All administrative prerequisites under the ADA to filing this ADA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against Defendant by:

1.     Declaring that the acts and practices by Defendant as described herein constitute a violation of the ADA;

2.     Enjoining and permanently restraining these violations of the ADA;

3.     Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the ADA;

4.     Directing Defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;

5.     Awarding Onstott compensatory and punitive damages;

6.     Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and

7

7.     Awarding Onstott such further and additional relief as the Court may deem just and proper.

## COUNT III – AGAINST EQUINOX AND PRIMA PONGSPIKUL FOR DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

39.     Plaintiff incorporates Paragraphs 1 through 38 as though fully set forth herein.

40.     At all times relevant hereto, defendants were "employers" within the meaning of IHRA as described in 775 ILCS § 5/2-101(B)(1)(a) and (b).

41.     At all times relevant hereto, plaintiff was an "employee" within the meaning of the IHRA as described in 775 ILCS § 5/2-101(A)(1)(a).

42.     At all times relevant hereto, plaintiff had a disability within the meaning of the IHRA, 775 ILCS § 5/1-103(I), that is that he is infected with HIV, and such disability was unrelated to plaintiff's ability to perform his job.

43.     Defendants were aware of plaintiff's disability.

44.     Defendants harassed and discriminated against plaintiff because of his disability in violation of the IHRA, 775 ILCS § 5/2-102.

45.     As a direct and proximate result of defendant's unlawful discharge of plaintiff from his employment because of his disability in violation of the IHRA, 775 ILCS § 5/2-102, plaintiff has been damaged in that he has lost wages and other benefits of full employment.

46.     On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 560-2017-02133. By operation of law, the Charge was jointly filed with the Illinois Department of Human Rights. A copy of the Charge is attached as Exhibit 1.

47.     On September 20, 2018, the Illinois Department of Human Rights issued a Notice of Dismissal for Lack of Substantial Evidence and Order of Closure pursuant to 775 ILCS § 7A-

102A-102A-1(3)(a) which was received on September 24, 2018 and permits plaintiff to file this action. A copy of said Notice is attached hereto as Exhibit 3.

48.     All administrative prerequisites under the IHRA to filing this IHRA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against defendant by:

1.     Declaring that the acts and practices by defendant as described herein constitute a violation of the IHRA;

2.     Enjoining and permanently restraining these violations of the IHRA;

3.     Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the IHRA;

4.     Directing defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;

5.     Awarding Onstott compensatory damages;

6.     Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and

7.     Awarding Onstott such further and additional relief as the Court may deem just and proper.

## COUNT IV - AGAINST EQUINOX AND PRIMA PONGSPIKUL FOR RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

49.     Plaintiff incorporates Paragraphs 1 through 49 as though fully set forth herein.

50.     After reporting the unlawful discrimination and harassment he suffered in his employment, defendants retaliated against plaintiff by discharging plaintiff from his employment in violation of the IHRA, 775 ILCS § 5/6-101(A).

9

51.     As a direct and proximate result of defendant's conduct, plaintiff was damaged in that he has lost wages and other benefits of full employment.

52.     On or about October 2, 2017, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 560-2017-02133. By operation of law, the Charge was jointly filed with the Illinois Department of Human Rights. A copy of the Charge is attached as Exhibit 1.

53.     On September 20, 2018, the Illinois Department of Human Rights issued a Notice of Dismissal for Lack of Substantial Evidence and Order of Closure pursuant to 775 ILCS § 7A-102A-102A-1(3)(a) which was received on September 24, 2018 and permits plaintiff to file this action. A copy of said Notice is attached hereto as Exhibit 3.

54.     All administrative prerequisites under the IHRA to filing this IHRA suit have been satisfied.

WHEREFORE, Onstott requests this Court enter judgment in his favor and against Defendant by:

1.     Declaring that the acts and practices by Defendant as described herein constitute a violation of the IHRA;

2.     Enjoining and permanently restraining these violations of the IHRA;

3.     Awarding Onstott back wages and lost benefits and interest due to defendant's violations of the IHRA;

4.     Directing Defendant to reinstate Onstott to his previous position or, in the alternative, awarding Onstott front pay;

5.     Awarding Onstott compensatory damages;

6.     Awarding reasonable attorneys' fees and costs incurred by Onstott in connection with the instant action; and

10

7.    Awarding Onstott such further and additional relief as the Court may deem just

and proper.

Respectfully submitted,

SHER CORWIN WINTERS LLC

By: /s/ David S. Corwin
David S. Corwin, Bar # IL6200310
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
Telephone (314) 721-5200
Fax (314) 721-5201
bhalquist@scwstl.com
asher@scwstl.com

*Attorneys for Plaintiff*

11

# CHARGE OF DISCRIMINATION
ST LOUIS DISTRICT

2017 OCT -2 PM 12: 17

| Charge Presented To | Agency(ies) Charge No(s) |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 5co-2017-02133 |

| ILLINOIS HUMAN RIGHTS COMMISSION | and EEOC |
|---|---|
| State or local Agency if any | |

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| **Rick Onstott** c/o Bridget L. Halquist at Sher Corwin Winters LLC | 314-721-5200 | 07/16/73 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 190 Carondelet Plaza, Ste 1100 | St. Louis, MO 63105 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others (If more than two, list under PARTICULARS below)

| Name | No Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| **Equinox Fitness Club** | >15 | 312-254-2500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 900 N. Michigan Ave. Chicago, IL 60611 | |

| Name | No Employees Members | Phone No (Include Area Code) |
|---|---|---|
| **Prima Pongspikul** | >15 | 312-254-2500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 900 N. Michigan Ave. Chicago, IL 60611 | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| Earliest | Latest |
|---|---|
| 03/20/17 | 09/23/17 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

I. I worked as a Personal Training Manager at Equinox Fitness Club, beginning on March 20, 2017. After disclosing my HIV status, I began suffering intense workplace harassment and discrimination. For example, in approximately early June 2017, in a casual conversation with my supervisor, Prima Pongspikul, I disclosed to her that I am HIV-positive. Her immediate response was to physically move backwards. She then told me that her father was a chemist and would not be happy if he knew she was working with me. Then, on June 5, 2017, I came to work with a mild cough, and Ms. Pongspikul sent me home. That evening I cut my finger while preparing dinner. I went to the ER to seek medical care, and my wound was glued and bandaged. When I informed Ms. Pongspikul of my injury, she told me she thought my cut finger was "a liability" and refused to allow me to work unless she personally inspected my bandages. She also harassed me regularly by asking me probing questions about my HIV viral load. I informed her that it was undetectable, but she asked me to go to the doctor to get blood work done so that she could review the current viral load data herself. I refused. Then, in July, 2017, my boyfriend Matt came to visit me at work. Matt told me that at one point, Ms. Pongspikul took him aside to talk—she wanted to make sure he knew that I was HIV-positive. He said that he knew my status and that she should mind her own business. In late July, I finally called the HR manager in Dallas to complain about Ms. Pongspikul's harassment and discrimination of me based upon my HIV status. Coincidentally, on August 1, 2017, I was put on a performance improvement plan, which placed unreasonable work performance demands on me. On September 23, 2017, I was fired by Ms. Pongspikul, who claimed I did not meet performance expectations.

II. I believe that the treatment I received after revealing my HIV status and my subsequent termination amounts to disability discrimination, and that the reason given for my termination was pretextual. I also believe Respondents retaliated against me for my complaints about Ms. Pongspikul's harassment and discrimination of me based upon my HIV status.

III. Respondents' discrimination and retaliation on the basis of my disability was in violation of state and federal laws, and I seek whatever remedy this agency deems just and proper.

| I declare under penalty of perjury that the above is true and correct | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|

9/29/17
Date                Charging Party Signature

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day year)

LEE KATZNELSON
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 10, 2021

PLAINTIFF'S EXHIBIT 1
ALL-STATE LEGAL

EEOC Form 1C·-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Rick Onstott**
190 Carondelet Plaza, Suite 1100
Saint Louis, MO 63105

From: **St. Louis District Office**
**1222 Spruce Street**
**Room 8.100**
**Saint Louis, MO 63103**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2017-02133 | Cynthia S. Basile, Investigator | (314) 539-7907 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

James R. Neely, Jr.,
Director

APR 1 8 2018

*(Date Mailed)*

Enclosures(s)

cc:
**Jennie Hansen**
**Regional HR Director**
**EQUINOX FITNESS CLUB**
**3811 Turtle Creek Blvd, Suite 760**
**Dallas, TX 75219**

**Katrina Morgan**
**JACKSON LEWIS, P.C.**
**7733 Forsyth Blvd. Suite 600**
**Saint Louis, MO 63105**

**Bridget L. Halquist**
**SHER CORWIN WINTERS**
**190 Carondelet Plaza, Suite 1100**
**Saint Louis, MO 63105**



Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- ➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- ➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ➤ **Only one** major life activity need be substantially limited.
- ➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- ➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- ➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability regulations.cfm.

09/29/2017 FRI 15:21 FAX ☐003/003

## CHARGE OF DISCRIMINATION

| Charge Presented To | Agency(ies) Charge No(s) |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 560-2017-02133 |

**ILLINOIS HUMAN RIGHTS COMMISSION** and EEOC
*State or local Agency if any*

| Name (indicate Mr, Ms, Mrs) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| **Rick Onstott** c/o Bridget L. Halquist at Sher Corwin Winters LLC | 314-721-5200 | 07/16/73 |

Street Address: 190 Carondelet Plaza, Ste 1100 — City, State and ZIP Code: St. Louis, MO 63105

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others (If more than two, list under PARTICULARS below)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Equinox Fitness Club** | >15 | 312-254-2500 |

Street Address: 900 N. Michigan Ave. Chicago, IL 60611

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Prima Pongspikul** | >15 | 312-254-2500 |

Street Address: 900 N. Michigan Ave. Chicago, IL 60611

DISCRIMINATION BASED ON:
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION ☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE: Earliest 03/20/17 — Latest 09/23/17 ☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

I. I worked as a Personal Training Manager at Equinox Fitness Club, beginning on March 20, 2017. After disclosing my HIV status, I began suffering intense workplace harassment and discrimination. For example, in approximately early June 2017, in a casual conversation with my supervisor, Prima Pongspikul, I disclosed to her that I am HIV-positive. Her immediate response was to physically move backwards. She then told me that her father was a chemist and would not be happy if he knew she was working with me. Then, on June 5, 2017, I came to work with a mild cough, and Ms. Pongspikul sent me home. That evening I cut my finger while preparing dinner. I went to the ER to seek medical care, and my wound was glued and bandaged. When I informed Ms. Pongspikul of my injury, she told me she thought my cut finger was "a liability" and refused to allow me to work unless she personally inspected my bandages. She also harassed me regularly by asking me probing questions about my HIV viral load. I informed her that it was undetectable, but she asked me to go to the doctor to get blood work done so that she could review the current viral load data herself. I refused. Then, in July, 2017, my boyfriend Matt came to visit me at work. Matt told me that at one point, Ms. Pongspikul took him aside to talk—she wanted to make sure he knew that I was HIV-positive. He said that he knew my status and that she should mind her own business. In late July, I finally called the HR manager in Dallas to complain about Ms. Pongspikul's harassment and discrimination of me based upon my HIV status. Coincidentally, on August 1, 2017, I was put on a performance improvement plan, which placed unreasonable work performance demands on me. On September 23, 2017, I was fired by Ms. Pongspikul, who claimed I did not meet performance expectations.

II. I believe that the treatment I received after revealing my HIV status and my subsequent termination amounts to disability discrimination, and that the reason given for my termination was pretextual. I also believe Respondents retaliated against me for my complaints about Ms. Pongspikul's harassment and discrimination of me based upon my HIV status.

III. Respondents' discrimination and retaliation on the basis of my disability was in violation of state and federal laws, and I seek whatever remedy this agency deems just and proper.

I declare under penalty of perjury that the above is true and correct.

Date: 9/29/17 — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

LEE KATZNELSON
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 10, 2021

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
                                                        )
RICK ONSTOTT,                                           )
                                                        )
                        COMPLAINANT,                    )
                                                        )
AND                                                     )       CHARGE NO. 2018CR2503
                                                        )
EQUINOX FITNESS CLUB,                                   )
                                                        )
                        RESPONDENT.                     )

## NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
## AND ORDER OF CLOSURE

Bridget L. Halquist                         Jennie Hansen
SHER CORWIN WINTERS                         Regional HR Director
190 Carondelet Plaza-Suite 1100             EQUINOX FITNESS CLUB
St. Louis, MO 63105                         3811 Turtle Creek Blvd, Suite 760
                                            Dallas, Texas 75219

**DATE OF DISMISSAL:  September 20, 2018**

1.      YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to
review the EEOC determination of no cause, a copy of which is enclosed.  Based upon the
enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT
substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section
7A-102(A-1)(3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and
Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY
DISMISSED and CLOSED.

2.      Complainant may commence a civil action against Respondent in the appropriate state
circuit court or other appropriate court of competent jurisdiction within ninety (90) days after
receipt of this Notice.  A complaint should be filed in the circuit court in the county where the civil
rights violation was allegedly committed.  **If you intend to exhaust your State remedies, please
notify the Equal Employment Opportunity Commission (EEOC) immediately:** EEOC, 500
West Madison Street, Suite 2000, Chicago, Illinois   60661.

**Please note that the Department cannot provide any legal advice or assistance.  Please
contact legal counsel, your city clerk, or your county clerk with any questions.**

3.      Complainant is hereby notified that the charge(s) are dismissed with prejudice with no
right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

EEOC Ref Chg (CR / SR)
HB59/NOD/LSE
06/12

PLAINTIFF'S
EXHIBIT
3
ALL-STATE LEGAL®

STATE OF ILLINOIS     )
                              ) ss

COUNTY OF COOK     )                     FILE NO (S): 2018CR2503

## AFFIDAVIT OF SERVICE

Janice L. Woods-Wills, deposes and states that she served a copy of the attached

**NOTICE OF DISMISSAL AND ORDER OF CLOSURE** on each person named below by

depositing same this 20th day of September 2018, in the U.S. Mail Box at 100 West

Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses

as follows:

---

Bridget L. Halquist
SHER CORWIN WINTERS
190 Carondelet Plaza-Suite 1100
St. Louis, MO 63105

Jennie Hansen
Regional HR Director
EQUINOX FITNESS CLUB
3811 Turtle Creek Blvd, Suite 760
Dallas, Texas 75219

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_Janice L. Woods-Wills_
Janice L. Woods-Wills

## PLEASE NOTE:

The above-signed person is responsible only for mailing these documents. Department staff are not permitted to discuss the investigation findings once a Notice of Dismissal has been issued.